**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARK I. MANNING, IV,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-CV-265-L** |
| | ) | |
| **REPUBLIC OF TEXAS, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Background**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint for trespass, trespass on the case, conspiracy to deny rights, denial of fundamental rights, fabricating evidence, fraud, extortion, unlawful arrest, vicarious liability, and "neglect to prevent." The Court liberally construes Plaintiff's complaint as arising under 42 U.S.C. § 1983. Defendants are the Republic of Texas, Honorable Judge Irma Ramirez, John Does one and two, Officer Gonzales, Officer Morgan, Supervisor Clifton Corley, and "all spouses thereof." Process has not issued pending judicial screening.

Plaintiff states Officers John Doe One and Two inspected his car while it was parked in a private parking lot. He states the officers told him they intended to have the car towed because it had no license plates. When Plaintiff stated the vehicle was parked on private property, the

officers did not tow the car but they informed Plaintiff the car was not legal to drive on public roads.

He states that on another date, Officer Gonzales inspected his car while it was parked in a private lot. Plaintiff claims Officer Gonzales stated the car was stolen and that he intended to have the car towed. Officer Morgan also arrived on the scene. Plaintiff told officers the car was not stolen and it was parked on private property. The officers did not tow the car, but told Plaintiff the car was not legal to drive on the public roads.

Plaintiff called the Richardson Police Department to complain about Officers Gonzales and Morgan. Plaintiff spoke to Supervisor Clifton Corley. Plaintiff states Corley informed him that the officers would continue to enforce the law.

Plaintiff states that on January 17, 2016, he was driving home when he was pulled over by Officer Gonzales. He states Officer Gonzales issued him various citations for violations of the Transportation Code. Plaintiff claims the Texas Transportation Code, in its entirety, is unconstitutional.

Plaintiff also states he previous filed a complaint in federal court, but that Judge Irma Ramirez wrongfully recommended dismissal of the complaint.

On February 24, 2016, Plaintiff filed a writ of mandamus asking this Court to order the State to rescind arrest warrants the State has issued against him.

Finally, Plaintiff has alleged no facts against any "spouses thereof."

## II.    Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.    Discussion

### 1.    42 U.S.C. § 1983

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In this case, Plaintiff alleges that Defendants John Does One and Two, Officer Gonzales, and Supervisor Corley violated his rights when: (1) officers initially intended to tow his car, but did not tow the car; and (2) Supervisor Corley failed to take any action against the officers. Plaintiff's conclusory allegations fail to show that Defendants violated his constitutional or federal rights. These claims should be dismissed.

### 2.    Eleventh Amendment

Plaintiff names the Republic of Texas as a Defendant. It appears the "Republic of Texas" refers to the State of Texas. Under the Eleventh Amendment, an unconsenting state is immune

from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ. Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the state of Texas has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against the State of Texas should therefore be dismissed.

3.     *Younger* **Abstention**

Plaintiff's claims against Officer Gonzales regarding his traffic citations and arrest warrant, and his petition for writ of mandamus to rescind the State's arrest warrant, should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and

federalism. *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise

jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the

federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an

important interest in regulating the subject matter of the claim; and (3) the plaintiff has an

adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub.*

*Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden*

*State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state

judicial criminal proceeding. A determination by this Court that Plaintiff's traffic citations or the

arrest warrant were unlawful would interfere with the state criminal proceedings. Further, "[t]he

state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171,

1176 (5th Cir.1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir.1992)

(explaining that, "under *Younger* and its companion cases, a federal district court must abstain

from exercising jurisdiction over a suit when state criminal proceedings are currently pending

against the federal plaintiff" (citing *Younger*, 401U.S. at 41)). Finally, Plaintiff has a full

opportunity to raise his constitutional challenge to the Texas Transportation Code in the state

courts. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975)

("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. The Court may refuse to abstain if

an exception applies, but no exception applies here. The Court should abstain from jurisdiction

over Plaintiff's traffic citation and arrest warrant claims.

**4.      Judicial Immunity**

Plaintiff also claims that Magistrate Judge Irma Ramirez unlawfully recommended dismissal of his previous case because he failed to pay the filing fee. *Manning v. Unnamed Defendant*, 3:15-CV-3092-D (N.D. Tex.). The district court dismissed the case on November 30, 2015. Judge Ramirez is immune from suit under § 1983. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Further, Plaintiff's previous complaint was dismissed for failure to comply with a court order. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Plaintiff's claim should be dismissed.

**5.      Spouses**

Plaintiff names the spouse of each party as a defendant. The only facts Plaintiff alleges against the spouses, however, is that they are spouses. Plaintiff has failed to state a claim against these Defendants.

**6.      State Law**

It is unclear if Plaintiff is attempting to assert any state law claims. To the extent Plaintiff is attempting to assert state law claims, these claims should be dismissed without prejudice to Plaintiff filing the claims in state court.

**IV.      Recommendation**

The Court recommends that: (1) Plaintiff's claims regarding his traffic citations, arrest

warrant, and petition for mandamus to rescind the arrest warrant be dismissed without prejudice

under the *Younger* abstention doctrine; (2) Plaintiff's state law claims be dismissed without

prejudice; and (3) Plaintiff's remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e).

Signed this 9 day of _March_ , 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).