IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK I MANNING IV,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-265-L** |
| **THE REPUBLIC OF TEXAS,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 9, 2016, recommending that the court: (1) dismiss without prejudice Plaintiff's claims regarding traffic citations, arrest warrant(s), and Plaintiff's Writ of Mandamus to rescind the arrest warrant (Doc. 8), filed February 24, 2016, under *Younger v. Harris*, 401 U.S. 37, 43-45 (1971) ("*Younger* abstention doctrine"); (2) dismiss without prejudice Plaintiff's state law claims, to the extent he is attempting to assert any; and (3) dismiss with prejudice Plaintiff's remaining claims against the State of Texas, United States Magistrate Judge Irma Ramirez, and unnamed spouses of each party pursuant to 28 U.S.C. § 1915(e), based on immunity grounds and failure to state a claim. Also before the court is Plaintiff's Motion to Recuse (Doc. 6), filed February 9, 2016. Plaintiff filed objections to the Report (Doc. 10).

After considering the pleadings, file, objections, the record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections and: (1) **dismisses**

Order – Page 1

**without prejudice** under the *Younger* abstention doctrine Plaintiff's claims regarding traffic citations, arrest warrant, and Writ of Mandamus to rescind the arrest warrant (Doc. 8); (2) **dismisses without prejudice** Plaintiff's state law claims; and (3) **dismisses with prejudice** Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915(e).

Further, although not addressed in the Report, the court determines that its recusal is not warranted or required. In his one-page motion, Plaintiff contends that the undersigned should recuse himself pursuant to 28 U.S.C. § 455 because he is a trustee of the "Center for American and International Law, which among other things, trains Law Enforcement officers." Pl.'s Mot. 2. Plaintiff, therefore, contends that the undersigned will not be able to remain impartial with respect to his claims against the Republic of Texas for allegedly training police officers to commit fraud and extortion against "the People" of Texas. *Id.*

Section 455(a) "requires a federal judge to disqualify himself in any proceeding in which 'his impartiality might be reasonably questioned.'" 28 U.S.C. § 455(a). The test for recusal is an objective one. *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 378 (5th Cir. 2002). "A judge should disqualify himself 'if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Id.* (footnote omitted). In addition to filing a frivolous claim against Magistrate Judge Ramirez, which is barred by judicial immunity, Plaintiff offers nothing more than nonparticularized conjecture in support of his motion, which falls short of requiring recusal. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1167 (5th Cir. 1982) (explaining that speculation is insufficient to justify recusal). Moreover, even if the State of Texas was not immune from suit, Plaintiff lacks standing to sue for law enforcement's

commission of alleged violations of law against "the People" of Texas. Accordingly, Plaintiff's Motion to Recuse (Doc. 6) is **denied.**

    **It is so ordered** this 30th day of March, 2016.

*[signature]*
Sam A. Lindsay
United States District Judge

Order – Page 3